IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD LEMPA                          :
                                      :          CIVIL ACTION
            v.                        :
                                      :          NO. 05-cv-0985
ROHM AND HAAS COMPANY                 :

**SURRICK, J.**                                              **MARCH 20, 2007**

## <u>MEMORANDUM & ORDER</u>

Presently before the Court are Defendant Rohm and Haas Company's Motion To Dismiss In Part (Doc. No. 5) and Plaintiff Edward Lempa's Motion For Leave To File An Amended Complaint (Doc. No. 10).  For the following reasons, the Motions will be Granted.

## I.      BACKGROUND

Plaintiff Edward Lempa brought this action against Defendant Rohm and Haas Company ("Rohm and Haas"), alleging age discrimination and breach of contract.  (Doc. No. 2.)  Plaintiff was employed by Defendant for a period of thirty-six years.  Plaintiff alleges that he had received certain assurances from his supervisor and others at Rohm and Haas that, upon his retirement, he would receive severance pay under Defendant's Severance Benefits Program (SBP).  (*Id.* ¶¶ 8, 10.)  Plaintiff contends that, given his length of service, he was entitled to one year's pay under the SBP.  (*Id.* ¶ 8.)  However, these benefits would be denied if Plaintiff were to be terminated for cause based on poor performance reviews.  (*Id.* ¶ 12.)

In the fall of 2002, Plaintiff received his first negative review, which he claims was undeserved.  (*Id.* ¶ 13.)  As a result, he was placed on probation and "subjected to performance conditions that were virtually impossible to meet."  (*Id.*)  Defendant also simultaneously posted Plaintiff's job as a vacancy.  (*Id.*)  Plaintiff avers that Defendant proceeded to "deliberately

fabricate[] a record of poor performance in order to disqualify [Plaintiff] from eligibility for SBP benefits." (*Id.* ¶ 15.) Defendant constructively discharged Plaintiff, forcing him to retire in March 2003 without any SBP severance benefits. (*Id.* ¶ 21.) On May 7, 2003, Plaintiff filed a complaint of age discrimination with the Equal Employment Opportunity Commission and with the Pennsylvania Human Relations Commission. (*Id.* ¶ 22.)

Plaintiff commenced the instant action by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Philadelphia County on February 2, 2005. (Doc. No. 1 ¶ 1.) The Writ was served on Defendants on February 8, 2005. (*Id.*) Defendant removed the case to this Court on March 2, 2005, after which Plaintiff filed the instant Complaint, raising four claims: (1) age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.; (2) age discrimination in violation of the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. § 951 et seq.; (3) breach of contract in denying Plaintiff's benefits under the SBP; and (4) breach of the covenant of good faith and fair dealing inherent in the contract between the parties. (Doc. Nos. 1, 2.)

## II.     DISCUSSION

### A.     Motion to Dismiss Counts III and IV of Plaintiff's Complaint

In its Motion to Dismiss in Part, Defendant seeks dismissal of Counts III and IV of Plaintiff's Complaint. Defendant argues that these state law contract claims are preempted by § 514(a) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Section 514(a) provides that the federal statutory scheme established by ERISA "supersede[s] any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Courts in this District have routinely determined that claims

2

similar to Plaintiff's are preempted by ERISA and should be dismissed. *See La Fata v. Raytheon*, 223 F. Supp. 2d 668, 676 (E.D. Pa. 2002) (ERISA preempts "state law claims for breach of contract, breach of fiduciary duty, unjust enrichment and breach of covenant of good faith and fair dealing" related to denial of severance benefit).

As a threshold matter, Defendant attached to its Motion the Affidavit of Joseph Cavallaro, Global Director of Total Rewards for Rohm and Haas, as well as sections of the Rohm and Haas Retirement Plan, and Retirement Plan Summary Plan Description, which address the terms of the SBP.  (Cavallaro Aff., Doc. No. 5 at Exs. 1, 2.)  Plaintiff contested the authenticity of these documents, arguing that the phrase "Severance Benefits Program" is not uniformly used in the attached literature, that the documents are not complete, and that it is unclear whether these documents were in effect at the times relevant to Plaintiff's claims.  (Doc. No. 8 at 5-6.)   We entered an Order directing counsel to obtain a copy of the authentic documents for the relevant time period and submit them to the Court for consideration.  (Doc. No. 12.)  On January 5, 2007, the parties submitted a Stipulation pursuant to our Order as to the authenticity of the following documents:

- Rohm and Haas Company Retirement Plan (As Amended and Restated Effective December 31, 2001), which was in effect in 2003;

- Rohm and Haas Company Retirement Plan Summary Plan Description Based on the Plan as amended through May 2002, which was in effect in 2003;

- Rohm and Haas Pension Plan (As Amended and Restated Effective December 31, 1998).

(Doc No. 15 at Exs. 1-3).   We will incorporate these documents into our analysis and treat Defendant's Motion as one for summary judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.*

We conclude that Counts III and IV of Plaintiff's Complaint are preempted by ERISA. ERISA governs two types of employee benefit plans:  (1) employee pension benefit plans and (2) employee welfare benefit plans. *Middletown v. Phila. Elec. Co.*, 850 F. Supp. 348, 350 (E.D. Pa. 1994).  Severance plans, like the SBP offered by Defendant, may under certain circumstances be deemed welfare benefit plans governed by ERISA. *Id.* (citing *Mass. v. Morash*, 490 U.S. 107, 116 (1989)).  ERISA's applicability ensures that employers may establish a "uniform administrative scheme" and avoid dealing with conflicting or inconsistent state and local regulation. *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 9 (1987).

Whether Defendant's SBP constitutes a plan under ERISA is a question of fact, the crucial determinant of which is whether "the employer has expressed an intention to provide benefits on a regular and long-term basis." *Wheaton v. Diversified Energy, LLC*, Civ. A. No. 03-105, 2005 U.S. Dist. LEXIS 11280, at *3 (E.D. Pa. June 2, 2005) (internal quotation omitted). Such "a plan . . . is established if from the surrounding circumstances a reasonable person can

4

ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Id.* (internal quotation omitted). In particular, a severance benefit plan does not "implicate ERISA unless [it] requires the establishment and maintenance of a separate and ongoing administrative scheme." *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1538 (3d Cir. 1992). For example:

> The requirement of a one-time, lump-sum payment triggered by a single event requires no administrative scheme whatsoever . . . . The employer assumes no responsibility to pay benefits on a regular basis and thus faces no periodic demands on its assets . . . . Rather the employer's obligation is predicated on the occurrence of a single event that may never materialize. . . . To do little more than write a check hardly constitutes the operation of a benefit plan.

*Fort Halifax*, 482 U.S. at 12.

Defendant's SBP[1] awards eligible employees a benefit equal to a percentage of their base pay. This percentage is calculated based on each participant's age and years of service. Eligibility depends upon the employee having been terminated under certain conditions, including job elimination, reduction in workforce, or restructuring. A participant will become ineligible if he is "terminated for failure to satisfactorily perform the essential duties of [his] employment, a violation of law[,] . . . or other behavior that [Defendant] determines constitutes a material breach." (Doc. No. 15 at Ex. 1 § 11.3.1.) The employee is also required to execute a binding release. Moreover, participants may elect to receive the benefits either as a "Qualified Joint and Survivor Annuity," a "single life annuity," "a cash lump sum distribution of the Actuarial Equivalent value," or as a series of "level monthly payments equal to the value of the cash lump sum distribution." (*Id.* § 11.4.1–.4.34.) In all four instances, Defendant has

---

[1] The plan documents refer to both the "'SBP' or Severance Benefit Program" and the "Involuntary Early Retirement Pension." (*See* Doc. No. 15 at Exs. 1, 2.)

5

established a scheme for calculating the amount and schedule of payments.  The plan documents call for the creation of an Administrative Committee and an Investment Committee to oversee the plan's administration and financial performance.  Finally, it installs a procedure through which claims may be submitted, reviewed, denied, and appealed.

We agree with Defendant that the SBP more closely resembles the benefits plans in *Pane v. RCA Corp.*, 868 F.2d 631 (3rd Cir. 1989), and *La Fata*, 223 F. Supp. 2d at 667, to which ERISA was found to apply, than those identified by Plaintiff in response.  The SBP does not merely require a lump-sum payment predicated on a single event, like the plant closing severance in *Fort Halifax Packing Co.*, 482 U.S. at 3, or the "buyout plan" offered to the most senior employees to voluntarily retire in *Angst*, 969 F.2d at 1532.  Rather, it utilizes a mathematical scheme to calculate the value of benefits and the payment schedule applicable at the time the beneficiary's employment is terminated.  Moreover, the administrators of the SBP must determine whether an employee was terminated other than for cause or if a material breach occurred.  The presence of such discretion militates towards the applicability of ERISA.  *See Darlin v. Consol. Rail Corp.*, 93 F. Supp. 2d 599, 601 (E.D. Pa. 2000) (ERISA applies to plan where "eligibility is restricted to employees who 'are terminated (or constructively terminated) without cause'—a standard involving the use of subjective discretion by the plan administrator.").  In instituting the SBP, Defendant "indicate[d] an intent to establish a regular and ongoing severance plan," *La Fata*, 223 F. Supp. 2d at 676, and, in doing so, created a new administrative scheme, the hallmark of an ERISA benefits plan,[2] *see Pane*, 868 F.2d at 635.

---

[2] We note that in an earlier case before the Honorable Herbert J. Hutton, another plaintiff challenged a denial of benefits under an earlier version of Rohm and Haas's SBP.  *See Abramowicz v. Rohm & Haas Co.*, Civ. A. No. 00-4645, 2001 U.S. Dist. LEXIS 17693, at *8

Accordingly, Plaintiff's state law breach of contract claims seeking recovery of severance benefits are preempted by ERISA and will be dismissed.

**B.     Motion to Amend Plaintiff's Complaint**

Since Plaintiff's contract claims are preempted, Plaintiff seeks to amend his Complaint to add a fifth Count alleging that Defendants violated § 510 of ERISA by constructively discharging him and thereby interfering with his right to receive severance benefits.  (*Id.* at Ex. A ¶¶ 34-36.)

Defendant opposes Plaintiff's Motion on grounds of futility, arguing that the proposed claim under § 510 is futile in that it is barred by the statute of limitations.  (Doc. No. 11.) Congress has provided no specific statute of limitations for actions brought under § 510 of ERISA.  Instead, courts must determine the most analogous state statute and apply the attendant limitations period to the ERISA claim.  *See Henglein v. Colt Indus.*, 260 F.3d 201, 208 (3d Cir. 2001).  The Third Circuit has recently approved the use of a two-year statute of limitations for § 510 claims.  *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 246 (3d Cir. 2002).  In *Anderson*, the plaintiff's § 510 claim was likened to a common law claim for wrongful termination, which carries a two-year statute of limitations under Pennsylvania law.  Factually, the plaintiff in *Anderson* alleged that by being involuntarily terminated by his employer, he was deprived of the right to receive benefits payable had he voluntarily retired.  *Id.* at 246.  Here, Plaintiff claims that his "constructive discharge" had a similar effect.  Accordingly, application of the two-year statute of limitations is appropriate.

---

(E.D. Pa. Oct. 30, 2001).  The terms of the SBP then in effect, as quoted in that opinion, resemble the terms of the SBP at issue here.  *Compare id.* at *13-20, *with* (Doc. No. 15 at Exs. 1, 2.  In that case, ERISA was held to apply to the SBP and to govern plaintiff's claims.  *Id.* at *10.

The District Court in *Anderson v. Consolidated Rail Corp.*, No. 98-6043, 1999 U.S. Dist. LEXIS 4787 (E.D. Pa. Apr. 7, 1999), instructs that a § 510 claim, like Plaintiff's, accrues as of the date of the wrongful discharge or termination. *Id.* at *16-17 (citing *Zipf v. Am. Tel. & Tel. Co.*, 799 F.2d 889, 893 (3d Cir. 1986) (§ 510 carries no requirement that internal remedial procedures be exhausted)). As such, Plaintiff's claim accrued when he was forced to retire in March 2003. (Doc. No. 2 ¶ 18.) Almost two years later, on February 2, 2005, Plaintiff filed the Praecipe for Writ of Summons in the Court of Common Pleas. The Summons was served on Defendant on February 8, 2005. (Doc. No. 1 ¶ 1.) Plaintiff did not file his initial Complaint until May 25, 2005, after the case was removed and more than two years after his constructive discharge.

Federal Rule of Civil Procedure 15(c) provides that an amendment to a pleading may relate back to the date of an earlier pleading under certain circumstances. Pursuant to Rule 15(c)(2), an amendment "relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). All of Plaintiff's claims, including the one asserted in Count V, arise from his constructive discharge from Defendant's employ. Nevertheless, Defendant contends that Rule 15(c) does not salvage Plaintiff's § 510 claim, because the amendment cannot relate back to the Praecipe for Writ of Summons since a praecipe does not constitute a "pleading" as envisioned in the rule, and Plaintiff's Complaint was filed after the limitations period had expired. (Doc. No. 11 at 1 n.1.)

While Defendant is correct that neither Pennsylvania nor federal procedural law recognize a writ of summons as a pleading, as that term is defined, we conclude that this

procedural anomaly does not bar Plaintiff's current request.  *Compare* Pa. R. Civ. P. 1017 *with*

Fed. R. Civ. P. 7.  Federal law controls whether this amendment relates back to an earlier

pleading.  *See Britt v. Arvanitis*, 590 F.2d 57, 61 (3d Cir. 1978).  Pennsylvania law controls the

pre-removal aspects of this case.  *Frazier v. City of Phila.*, 927 F. Supp. 881, 884 (E.D. Pa.

1996), *rev'd on other grounds*, 266 F.3d 186 (3d Cir. 2001).  Under Pennsylvania law, the act of

filing the Praecipe served to commence Plaintiff's action in state court and to effectively toll the

statute of limitations.  *See* Pa. R. Civ. P. 1007; *Galbraith v. Gahagen*, 204 A.2d 251, 252 (Pa.

1964).  Following removal to federal court, the praecipe filing date is controlling for purposes of

the statute of limitations.  *See Bennett v. Consol. Rail Corp.*, Civ. A. No. 88-3337, 1988 U.S.

Dist. LEXIS 10012, at *8-9 (E.D. Pa. Sept. 8, 1988) (filing of writ controls, even if it is later

determined that United States District Court had exclusive original jurisdiction over claim); *see

also Mitchell v. Joseph's Supermarkets, Inc.*, 712 F. Supp. 59, 63-64 (W.D. Pa. 1989).

We are not persuaded by Defendant's argument that relation back should be precluded

because the Writ of Summons did not provide Rohm and Haas with "fair notice of the general

fact situation and legal theory upon which the amending party proceeds."  (Doc. No. 11 at 2 n.1

(citing *Bensel v. Allied Pilots Assoc.*, 387 F.3d 298, 310 (3d Cir. 2004)).  The Praecipe for Writ

of Summons filed in the Philadelphia Court of Common Pleas on February 2, 2005, and the

Summons issued as a result, did not identify Plaintiff's claims with specifity.  However, the

Philadelphia Court of Common Pleas Civil Cover Sheet filed with the Praecipe identified the

type of claim as "Contract," involving an amount in controversy in excess of $50,000.  It also

identified the Age Discrimination In Employment Act and the Pennsylvania Human Relations

Act as statutory bases for a cause of action.  Defendant knew that Plaintiff had been a thirty-six

year employee of Defendant, that he had taken retirement under circumstances that were not voluntary, and that had he not been terminated under those circumstances, he would have been entitled to severance pay under Defendant's SBP.  When Plaintiff filed his original Complaint alleging Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing, Defendant immediately filed a Motion to Dismiss asserting that Plaintiff's contract claims were preempted by ERISA.  Defendant's assertion that it did not have fair notice of the general fact situation and legal theory upon which Plaintiff was proceeding when it received the initial filings is questionable.  Moreover, we note that the Pennsylvania Rules provided Defendant with an immediate opportunity upon receipt of service of the Summons to obtain the details of Plaintiff's claim if Defendant did not already know them.  *See* Pa. R. Civ. P. 1037 ("If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint.  If a complaint is not filed within twenty days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.").

We find no justification here for denying Plaintiff's Motion.  The statute of limitations would not bar the § 510 claim had it been brought in Plaintiff's initial Complaint.  It should not now prohibit its introduction by amendment and relation back.  We will permit Plaintiff to amend his Complaint pursuant to Rule 15 and permit the amended Complaint to relate back to the  original filing in state court.  Plaintiff's Motion for Leave to Amend will be granted.

An appropriate Order follows.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


EDWARD LEMPA                        :
                                    :          CIVIL ACTION
            v.                      :
                                    :          NO. 05-cv-0985
ROHM AND HAAS COMPANY      :


**<u>ORDER</u>**

AND NOW, this <u>20th</u>  day of March, 2007, upon consideration of Defendant Rohm and

Haas Company's Motion To Dismiss In Part (Doc. No. 5) and Plaintiff Edward Lempa's Motion

For Leave To File An Amended Complaint (Doc. No. 10), it is ORDERED as follows:

1.      Defendant's Motion to Dismiss in Part is GRANTED, and Counts III and IV of

        Plaintiff's Complaint are DISMISSED.

2.      Plaintiff's Motion for Leave to Amend is GRANTED.

IT IS SO ORDERED.


                        BY THE COURT:


                        _____
                        R. Barclay Surrick, Judge